## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD THOMAS KENNEDY,

        Plaintiff,

    v.

Case No. ___3:19-CV-1476___

Verified
Jury Trial Demanded

BOROUGH OF FRACKVILLE
PENNSYLVANIA,
PHILLIP C. PETRUS, Individually and
as an Officer of the Frackville Police
Department,
MARVIN L. LIVERGOOD, Individually and
as Police Chief of the Frackville Police
Department,
KIM Y. PHILLIPS, Individually and
as Mayor of the Borough of Frackville
Pennsylvania,
MARIA T. CASEY, Individually and
as Clerk of Court, and
CHRISTINE A. HOLMAN, Individually
and as Schuylkill County District
Attorney,

**FILED**
**SCRANTON**

AUG 2 6 2019

Per_____
     DEPUTY CLERK

        Defendants.

### COMPLAINT

Take Judicial Cognizance

Notice

    1.    In accordance with the provisions of 28 U.S. Code § 636. Jurisdiction, powers, and temporary assignment, the Plaintiff declines to have a United States Magistrate Judge conduct any proceedings in this case and the Plaintiff hereby requests that this case be assigned to United States District Judge.

1

2.        The Constitution of the United States is the supreme law of the land. Pursuant to Evidence Rule 902, the evidence presented herein in Exhibits 1, 2 and 3 is self-authenticating.

I.    **PRELIMINARY STATEMENT**

3.      The Plaintiff, Edward Thomas Kennedy, (hereinafter "Kennedy" or "Plaintiff") brings this action against the Borough of Frackville Pennsylvania (hereinafter "Defendant Frackville"), Philip C. Petrus, (hereinafter "Defendant Petrus") individually and as a police officer of the Frackville Police Department, and Frackville Police Chief Marvin L. Livergood, (hereinafter "Defendant Livergood") individually and as the Police Chief of the Frackville Police Department, Kim Y. Phillips (hereinafter "Defendant Phillips") individually and as the Mayor of the Frackville Pennsylvania who is the elected public official that is responsible for Frackville Police Department, Maria T. Casey, (hereinafter "Defendant Casey") individually and as the Clerk of Court, Pennsylvania Court of Common Pleas Schuylkill County, Christine A. Holman, (hereinafter "Defendant Holman") individually and as the Schuylkill County District Attorney,   and collectively, where appropriate, "Defendants" under 42 U.S. Code § 1983 and § 1985 seeking redress for the extraordinary misconduct of two Frackville Police officers and the Mayor of Frackville Pennsylvania, who conspired to and ultimately did use improper, unlawful, and unconstitutional means to falsely accuse, charge, unlawfully arrest and/or criminally prosecute the Plaintiff arising out of an incident that (allegedly) occurred in the Borough of Frackville, Pennsylvania.

4.      The actions and conduct of the above-identified Defendant police officers, Mayor, Clerk of Court and Schuylkill County District Attorney were the results of deficient policies, practices, customs, and deliberate indifference on the part of Defendant Frackville, including the failure to take disciplinary and remedial action against the above-identified

2

Defendant police officers and despite documented, well-known instances and/or records of misconduct, unsubstantiated arrest and abuses of authority or power and the obvious direct, conflicts of interest present in and surrounding the within Plaintiff's complaint on the parts of all the Defendants.

5.     This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 (1), (3, (4) and the aforementioned statutory provision. The within action is also filed pursuant to the Civil Rights Act of 1871, 42 U.S.C. section 1983, section 1985 and 28 U.S.C. section 1343 and seeks redress for the deprivation of the Plaintiff's Due Process and other Constitutional rights.

6.     The plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. 1367(a) to adjudicate any state law claims.

7.     The venue is proper in the Middle District of Pennsylvania, as all the acts actions and failure to act or admissions complained of herein occurred in Frackville, Schuylkill County Pennsylvania, and Pottsville, Schuylkill County Pennsylvania.

II.     **JURISDICTION**

8.     This court has jurisdiction over this action under 28 U.S.C. section 1331 and 1343 (a) (3) for a violation of Constitutional rights and provided in 42 U.S.C. sections 1983 and 1985.

9.     The Plaintiff seeks monetary and compensatory damages as well as attorney fees and costs pursuant to 42 U.S.C. section 1988.

10.     The Plaintiff brings this action against the Defendants to address the deprivation of rights secured him by the Due Process Clause, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, as protected under 42 U.S.C. section 1983 and under section 1985 and under a common law claim(s).

11.    The Plaintiff is a resident of the Commonwealth of Pennsylvania.

12.    The Defendant Borough of Frackville Pennsylvania is a local government municipality in the Commonwealth of Pennsylvania, specifically Schuylkill County.

13.    The Defendants Petrus and Livergood are residents of the Commonwealth of Pennsylvania.

14.    The Defendants Casey and Holman are residents of the Commonwealth of Pennsylvania.

15.    The matter in controversy exceeds the sum of $250,000, excessive interest, attorneys fees, and costs.

16.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 1331, 1332, 1343 (a) (3), and 42 U.S.C. sections 1983 and 1985.

17.    The Plaintiff also invokes supplemental jurisdiction of this court over any of Plaintiff's state claims against Defendants for common law violations pursuant to 28 U.S.C. section 1367 as the common law claim(s) form part of the same controversy.

18.    The venue is proper in this District pursuant to 28 U.S.C. section 1931.

III.    **PARTIES**

19.    The Plaintiff, Edward Thomas Kennedy, is one of the people of Pennsylvania, and an adult individual and a resident of the Commonwealth of Pennsylvania, residing at 800 Court Street, Apt. 223, Reading, PA 19601.

20.    The Defendant, Borough of Frackville, is a local government municipality with an address of 42 S Center Street, Frackville, PA 17931.

21.    The Defendant is Phillip C. Petrus, an adult individual, and a resident of the Commonwealth of Pennsylvania believed to be residing at 215 N. Line Street, Frackville, PA 17931.

22.     The Defendant is Marvin L. Livergood, an adult individual, and a resident of the Commonwealth of Pennsylvania believed to be residing at 322 S. Wylan Street, Frackville, PA 17931.

23.     The Defendant is Kim Y. Phillips, an adult individual and a resident of the Commonwealth of Pennsylvania believed to be residing at 206 N Nice Street, Apt 1, Frackville, PA 17931.

24.     The Defendant is Maria T. Casey, an adult individual and a resident of the Commonwealth of Pennsylvania, believed to be residing at 207 Arlene Street, Minersville, PA 17954.

25.     The Defendant is Christine A. Holman, an adult individual and a resident of the Commonwealth of Pennsylvania, and is conducting a solo-legal professional, law firm business at 204 E. Broad Street, Tamaqua, PA 18252.[1]

26.     The Defendant, Borough of Frackville, established the "Frackville Police Department" to serve the Borough of Frackville. Said Defendant operates, governs, controls and supervises the operation of the Frackville Police Department, pursuant to the laws of Pennsylvania.

27.     At all times material and relevant to the allegations contained in this Complaint, Defendant Petrus was acting within the nature and scope of the Defendant's official duties as a duly appointed police officer of the Frackville Police Department.

28.     At all times material and relevant to the allegations contained in this Complaint, Defendant Livergood was acting within the nature and scope of the Defendant's official duties as a duly appointed acting police chief of the Frackville Police Department.

---

[1] Source: The Disciplinary Board of the Supreme Court of Pennsylvania website.

29.     At all times material and relevant to the allegations contained in this Complaint, Defendant Casey was acting within the Defendant's official duties as a Clerk of Court, Pennsylvania Court of Common Pleas, Pottsville, PA 17901.[2]

30.     At all times material and relevant to the allegations contained in this Complaint, Defendant Phillips, was acting within the Defendant's official duties as Mayor of the Defendant Borough of Frackville Pennsylvania and the elected, public official responsible for the Frackville Police Department.

31.     At all times material and relevant to the allegations contained in this Complaint, Defendant Holman was acting within the Defendant's official duties within the nature and scope of the Defendant's official duties as Schuylkill County District Attorney for the Commonwealth of Pennsylvania.

32.     Defendants Phillips, Petrus, Livergood, Casey and Holman at all times material and relevant to the allegations contained in this Complaint, were acting under color of law, of a statute, ordinance, regulation, custom, usage, or policy of the Borough of Frackville Pennsylvania and/or the Frackville Police Department, and/or the County of Schuylkill Pennsylvania, and/or the Commonwealth of Pennsylvania.

33.  Defendants Phillips, Petrus, and Livergood, at all times material and relevant to the allegations contained in this Complaint, were acting within the nature and scope of the Defendant's official duties as police officers and Mayor for the Frackville Police Department and the Borough of Frackville Pennsylvania.

---

[2] Published factual allegations of abuse of power and corruption by Defendants Casey and Holman published here:
https://coalregioncanary.com/2019/04/06/maria-casey-double-dip/,
and published here:
https://coalregioncanary.com/2019/04/06/maria-casey-double-dip/.

34. Defendant Casey, at all times material and relevant to the allegations contained in this Complaint, was acting within the nature and scope of the Defendant's official duties as Clerk of Court for the Court of Common Pleas Schuylkill County Pennsylvania.

35. Defendant Holman, at all times material and relevant to the allegations contained in this Complaint, was acting within the nature and scope of the Defendant's official duties as Schuylkill County District Attorney.

36. And all relevant times, all the above-identified Defendants were acting in concert or conspired with each other and the resulting unlawful actions and abuse of power deprived the Plaintiff of his Constitutional, Due Process and statutory rights.

37. At all times relevant to this Complaint, all Defendants acted under the color of state law.

IV. **FACTS**

38. Defendant Petrus filed false paperwork into a court of law, a court of record, on in an Affidavit under penalty of perjury and a criminal complaint with no legal address for the Plaintiff.[3]

39. Criminal Charges were filed against the Plaintiff in Pennsylvania Case MJ-21201-CR-0000193-2016 for an alleged violation of 18 Pa. C.S.A. § 2709.

40. Defendant Petrus did not interview the Plaintiff Kennedy prior to the filing charges into MDJ-21-2-01, a court of law, Commonwealth of Pennsylvania versus the Plaintiff.

41. Defendant Livergood did not interview the Plaintiff Kennedy prior to the filing charges into MDJ-21-2-01, a court of law, Commonwealth of Pennsylvania versus the Plaintiff.

---

[3] Exhibit 1, one page under Evidence Rule 902 is self-authenticating. The case is closed.

42.    The Plaintiff states he received no notice, no summons and no notice of a preliminary hearing and bench warrant, and that the Defendants knowingly and intentionally violated PA Rules 509, 511 and 515.[4]

43.    Defendant Casey filed a fake Bench Warrant in the Court of Common Pleas Schuylkill County with a fake address for the Plaintiff on April 12, 2017.[5]

44.    Defendant Holman signed a fake Motion for Bench Warrant on April 12, 2017, without a sworn affidavit in support of the said Motion for Bench Warrant.[6] Holman did not swear of affirming under penalty of perjury that the hearsay evidence was true, complete and correct; that is, Homan failed to affirm that the signatures on the hearsay evidence presented to the court belonged to the Plaintiff Kennedy.

45.    Defendants Casey and Holman mislead President Judge William Baldwin, who signed an Order for a Bench Warrant based on fake, false information.

46.    Modern attorneys Casey and Holman took oaths under penalty of perjury to obey the law and to tell the truth, which means not to lie, mislead, misconstrue, misstate, misinform or put fake paperwork into a court of law.

47.    Modern attorneys Casey and Holman put fake paperwork into a court of law.

48.    Without a notice of a preliminary hearing and without knowledge of a warrant or summons, the Plaintiff was harmed in loss of rights in said criminal case with the following acts of violence as a proximate and direct cause of acts by the Defendants:

a.    an unlawful, threat to violently and physically harm the Plaintiff by an approximately, forty (40) man swat team with machine guns and bullet-proof vests that

---

[4] PA Rule 509 is the use of summons or warrant of arrest in court cases. PA Rule 511 is Service of summons. Proof of service. PA Rule 515 is the Execution of an arrest warrant.
[5] Exhibit 2 (two pages). No officer of the law signed the Return of Warrant statement, Page 2 of 4, and under Evidence Rule 902 is self-authenticating. The address listed in the Warrant was for a retail store in Hellertown, PA and not the Plaintiff's address.
[6] Exhibit 3, 2 pages.

included government employees from the Pennsylvania State Police, the County of Lehigh Sheriff's department, and the Upper Macungie Township Police Department, and said government employees aimed loaded rifles at the Plaintiff's second-floor bedroom window in an attempt to murder the Plaintiff;

       b.    an illegal breaking and entering by said government employees listed in paragraph 32a herein at 401 Tillage Rd., Breinigsville, Lehigh County Pennsylvania, and

       c.    a false arrest at 749 N Krocks Rd, Allentown, PA 18106 in a Target store parking lot, and false imprisonment in two Commonwealth of Pennsylvania prisons for 71 hours that included human rights violations, full-body chains, abusive insults, disrespect and two rectal exams by employees of the County of Lehigh Pennsylvania and the County of Schuylkill Pennsylvania.

       49.    Charges were dismissed related herein to this complaint in Case No. CR-2098-2017 with prejudice at 11:45 am following a hearing on January 30, 2018, in the Court of Common Pleas Schuylkill County by President Judge William E. Baldwin.

## V.    **DAMAGES**

       50.    As a direct and proximate result of the actions of all the Defendants as described in this Complaint, the Plaintiff has been caused to suffer damages in the form of attorneys fees, legal expenses and administrative costs in the approximate amount of $15,000 to defend the false criminal accusations and unlawful and/or illegal arrest of the subsequent prosecution of criminal charges arising out of the incident.

       51.    As a direct and proximate result of the actions of all the Defendants as described in this Complaint, the Plaintiff has been caused to suffer damages in the form of travel expenses lost wages and other monetary damages in a presently undetermined amount.

52.     As a direct and proximate result of the actions of all the Defendants as described in this Complaint, the Plaintiff has Cause to suffer emotional stress, utilization, severe anxiety and embarrassment during the various pretrial hearings and ultimate dismissal of charges by Court of Common Pleas President Judge Baldwin that the Plaintiff was required to defend himself and study criminal procedures, criminal law, and rules of Evidence.

53.     As a direct and proximate result of the actions of all the Defendants as described in this Complaint, the Plaintiff has been caused to suffer emotional stress, humiliation, severe anxiety, and embarrassment.

**WHEREFORE**, the Plaintiff, Edward Thomas Kennedy, respectfully requests this Court enter judgment in his favor and against all the Defendants:

(a)     Awarding compensatory damages to the Plaintiff for emotional stress humiliation
    embarrassment and anxiety;

(b)     Awarding compensatory damages to the Plaintiff for past legal expenses, travel costs, research expenses, photocopies, postage, and attorney fees, In the approximate amount of $15,000 to successfully defend against the criminal charges;

(c)     Awarding punitive damages against Phillips, Petrus, Livergood, Casey and Holman;;

(d)     Awarding the cost of this action, together with reasonable attorney fees and expenses;

(e)     Awarding compensatory damages to the Plaintiff for lost wages, travel expenses, and other monetary damages in the presently undetermined amount;

(f)     Awarding other damages that are provided by statute and/or under 42 U.S.C. section 1983, 1985 and/or 1988;

(g)     Granting such other and further relief as the court deems appropriate and just.

### First Cause of Action
### Federal Civil Rights Violations

### Violation of Constitutional Rights Guaranteed Under the
### Fourth, Fifth and Fourteenth Amendments and 42 U.S.C. §§ 1983 and 1985

### Edward Thomas Kennedy
### v.
### Defendants Kim Y. Phillips, Philip C. Petrus and Marvin L. Livergood

54. The Plaintiff incorporates paragraphs 1 through 53 of this Complaint by reference as if fully set forth at length herein.

55. As a direct and proximate result of the Defendant's conduct, committed under the color of state law, the Plaintiff was deprived of the right to be free from unlawful detention, false arrest and to due process of law.

56. As a direct and proximate result of the Defendant's conduct, committed under the color of state law, the Plaintiff suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments, and 42 U.S.C. §§ 1983 and 1985.

57. The unlawful arrest of the Plaintiff on criminal charges was all done without probable cause or other reasonable and or justifiable grounds for said Defendants to believe the Plaintiff had committed any offense or violation of any lawfully enacted law or ordinance.

58. The Defendants Petrus and Livergood knew they lacked probable cause to file criminal charges and arrest the Plaintiff but did so intentionally and maliciously.

59. The Defendants Petrus and Livergood continued to prosecute the Plaintiff knowingly the charges were false and the product of a conspiracy between them and Defendant Phillips.

60. The filing of criminal charges, the arrest and the continued prosecution of the Plaintiff in this matter, was done with actual malice or ill-will towards the Plaintiff and/or with callous or reckless indifference for the Constitutional rights of the Plaintiff and for the express purpose of covering up their violations of the Plaintiff's civil rights at the request and assistance of Defended Phillips, who was abusing his power as Mayor of the Borough of Frackville Pennsylvania.

61.    As a result of the above concerted efforts of all the Defendants, resulting in the malicious charges, unlawful arrest and prosecution of the Plaintiff, Defendants intentionally and/or with deliberate indifference and callous disregard of the Plaintiff's rights as guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected under 42 U.S.C. §§ 1983 and 1985.

62.    As a result of the concerted efforts of the Defendants, resulting in the malicious charges, unlawful arrest and prosecution of the Plaintiff, Defendants intentionally and/or with deliberate indifference and callous disregard of the Plaintiffs rights, deprived the Plaintiff of his liberty and deprive the Plaintiff his right to Due Process, thereby depriving Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth and Fourteenth amendments to the Constitution of the United States as protected by 42 U.S.C. §§ 1983 and 1985.

63.    As a result of the above concerted efforts of the Defendants, resulting in the malicious charges and a lawful arrest and prosecution of the Plaintiff, Defendants intentionally and/or with deliberate indifference and callous disregard of the Plaintiff's rights, deprived the Plaintiff of his right to equal protection of the laws, in violation of the Fifth and Fourteenth Amendment of the Constitution United States and protected under 42 U.S.C. section 1983 and 1985.

64.    The continued prosecution of the Plaintiff by the Defendants in this matter, knowing the charges were untrue and unlawfully manufactured, illegal, faulty, unconstitutional, and unenforceable and/or invalid, violated the Constitutional rights of the Plaintiff as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and protected under 42 U.S.C. section 1983 for which the officers are individually liable.

65.    The Plaintiff is entitled to punitive damages due to the intentional, malicious, wanton and willful misconduct of the Defendants Phillips, Petrus, Livergood, Casey and Holman.

66.    As a result of the proximate result of the intentional, malicious, wanton and willful actions of the Defendants, the Plaintiff suffered damages as aforesaid which are Incorporated by reference as if fully set forth herein.

**WHEREFORE**, the Plaintiff, Edward Thomas Kennedy, respectfully requests this Court enter judgment in his favor and against all the Defendants:

(a)    Awarding compensatory damages to the Plaintiff for emotional stress humiliation
embarrassment and anxiety;
(b)    Awarding compensatory damages to the Plaintiff for past legal expenses, travel costs, research expenses, photocopies, postage, and attorney fees, In the approximate amount of $15,000 to successfully defend against the criminal charges;
(c)    Awarding punitive damages against Phillips, Petrus, Livergood, Casey and Holman;
(d)    Awarding the cost of this action, together with reasonable attorney fees and expenses;
(e)    Awarding compensatory damages to the Plaintiff for lost wages, travel expenses, and other monetary damages in the presently undetermined amount;
(f)    Awarding other damages that are provided by statute and/or under 42 U.S.C. section 1983, 1985 and/or 1988;
(g)    Granting such other and further relief as the court deems appropriate and just.

### Second Cause of Action
### Federal Civil Rights Violations

**Violation of Constitutional rights guaranteed under the**
**Fourth, Fifth and Fourteenth Amendments and 42 U.S.C. § 1983**

**Edward Thomas Kennedy**
**v.**
**Defendant Borough of Frackville Pennsylvania**

67.    The Plaintiff incorporates paragraphs 1 through 66 of this Complaint by reference as if fully set forth at length herein.

68.    The Defendant, Borough of Frackville Pennsylvania, employs police officers, including the Defendants Petrus and Livergood, described in the foregoing paragraphs.

69.    As a result, the Defendant, Borough of Frackville Pennsylvania, had the responsibility, duty, authority and ability to control the actions of Defendants Petrus and Livergood.

70.    Defendant, Borough of Frackville Pennsylvania, took no steps to prevent, correct or remedy the conduct of the Defendants Petrus and Livergood, whom they had the affirmative duty and ability to control.

71.    It is believed and therefore that, the Defendant, Borough of Frackville Pennsylvania, knew that Defendants Petrus and Livergood were capable of engaging in the unlawful and illegal filing a false criminal charges in the prison case due to prior incidents and investigations in the nearby Borough of Frackville litigation.[7]

73.    Defendant, Borough of Frackville Pennsylvania had actual or constructive knowledge that Defendants Petrus and Livergood had or were engaging in the unlawful and illegal filing a false criminal charges in the present case to the prior answer this incidences and investigations.

74.    Through its policy, customs and or practice, Defendant, Borough of Frackville, knowingly allowed Defendants Petrus and Livergood to violate the Constitutional rights of the Plaintiff.

75.    Defendant, Borough of Frackville Pennsylvania failed to take appropriate remedial measures to prevent misconduct of this nature.

76.    Defendant, Borough of Frackville Pennsylvania, allowed, tolerated, and encouraged the Defendants Petrus and Livergood to continue engaging in contact in which

---

[7] See *Kessler v. Borough of Frackville*, No. 3:17-CV-2231 (M.D. Pa. May. 8, 2018)

it knew to be illegal, unconstitutional and/or in violation of the Constitutional rights of the Plaintiff and other.

77.    This policy, custom and/or practice encouraged and caused the Constitutional violations by the Defendant police officers Petrus and Livergood, including the violation of the Plaintiff's Constitutional rights as described in the foregoing paragraphs.

78.    At all times pertinent hereto, Defendant, Borough of Frackville Pennsylvania, refused and/or failed to adequately train, direct, supervise, or control the Defendant police officers Petrus and Livergood to prevent the violation of the Plaintiff's Constitutional rights.

**WHEREFORE**, the Plaintiff, Edward Thomas Kennedy, respectfully requests this Court enter judgment in his favor and against all the Defendants:

(a)    Awarding compensatory damages to the Plaintiff for emotional stress, humiliation, embarrassment and anxiety;

(b)    Awarding compensatory damages to the Plaintiff for past legal expenses, travel costs, research expenses, photocopies, postage, and attorney fees, In the approximate amount of $15,000 to successfully defend against the criminal charges;

(c)    Awarding punitive damages against Phillips, Petrus, Livergood, Casey and Holman;

(d)    Awarding the cost of this action, together with reasonable attorney fees and expenses;

(e)    Awarding compensatory damages to the Plaintiff for lost wages, travel expenses, and other monetary damages in the presently undetermined amount;

(f)    Awarding other damages that are provided by statute and/or under 42 U.S.C. section 1983, 1985 and/or 1988;

(g)    Granting such other and further relief as the court deems appropriate and just.

### Third Cause of Action
### Supplemental State claims

### Vicarious Liability False Arrest, False Imprisonment
### Intentional and negligent infliction of emotional distress
### Abuse of Process, Malicious Prosecution

### Edward Thomas Kennedy
### v.
### Defendants Kim Y. Phillips, Philip C. Petrus Marvin L. Livergood,
### Maria T. Casey and Christine A. Holman

79.    The Plaintiff incorporates paragraphs 1 through 78 of this Complaint by reference as if fully set forth at length herein.

80.    The Defendants Petrus and Livergood, conspired to file and did file false criminal charges against the Plaintiff during the criminal charges that were filed were false and/or lacked merit. Defendant Phillips conspired with Defendants Petrus and Livergood by failing to obey the law as written and failed to obey his oath of office.

81.    The Plaintiff was falsely arrested and subjected to the embarrassment, anxiety and humiliation of being booked, having bail set, the costs associated with bail being set, fingerprinted, photographed and searched relating to criminal charges that the Defendants Petrus and Livergood knew to be untrue, inaccurate and/or blatantly false.

82.    The Defendants Phillips, Petrus Livergood, Casey and Holman Intentionally inflicted emotional distress on the Plaintiff and/or did so negligently by filing of a fake bench warrant and  false charges against the Plaintiff fully knowing the criminal charges that were filed were false and/or lacked merit.

83.    The Defendants knew or should have known, the Plaintiff would experience significant emotional stress and anxiety from filing a false charges against the Plaintiff fully knowing, the criminal charges that were filed lacked merit and further that the criminal charges could result in a term of imprisonment if convicted.

84.    The Defendants Petrus and Livergood, filed criminal charges they knew to be untrue, inaccurate and/or false and therefore, abused the criminal process and maliciously prosecuted the false charges in Pennsylvania Magisterial District court at Port Carbon, PA 17965, known as MDJ-21-2-01 in Case No. MJ-21201-CR-0000193-2017.

85.    The acts and conduct of the Defendants in this cause of action constitute false arrest, false imprisonment, intentional and negligent infliction of emotional distress, outrageous conduct causing emotional distress, abuse of process and malicious prosecution under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

86.    The Defendants used improper and unconstitutional means that are otherwise further subjected the Plaintiff to an unlawful and/or wrongful arrest by two Deputy Sheriffs of the County of Lehigh in Allentown, PA, and by two Deputy Sheriffs of the County of Schuylkill, in Allentown, PA, without a lawful warrant and without probable cause to believe the Plaintiff was in violation of any law or ordinance.

87.    The arrest, detention, filing of criminal charges and subsequent malicious prosecution of the Plaintiff was unlawful and actionable due to the fact that the Defendants intentionally knew and/or with callous or reckless indifference, failed to show, the charges they brought against the Plaintiff were illegal, invalid, unenforceable and/or unconstitutional because there was no evidence to support the charges.

88.    The Defendants instigated a criminal prosecution of the Plaintiff by filing a Bench Warrant, a Police Complaint and Affidavit of Probable Cause, and they knew it was not based on truthful and accurate information.[8]

89.    The Defendants abused their authority in the criminal process by deliciously filing charges and Prosecuting the Plaintiff, without probable cause, for an alleged violation of a criminal statute they knew, had reason to know, or recklessly failed to know was not based on truthful and accurate information.

---

[8] It now appears from official sources that Corruption by government officials concerning Warrants is not limited to the FISA Warrants in U.S. Courts where FBI Officials knowingly mislead US Judges. Defendants herein mislead Pennsylvania Magistrate Judges and Judges concerning a Warrant that injured the Plaintiff in loss of rights.

90.     The unlawful, criminal investigation, process and procedures and/or wrongful arrest, without probable cause to believe the Plaintiff was in violation of any law or ordinance, was done by the Defendants with malice and/or ill will.

91.     The criminal charges filed against the Plaintiff and/or subsequent prosecution of the Plaintiff were dismissed in case CR- 2098- 2017 with prejudice on January 30, 2018, in the Court of Common Pleas Schuylkill County, Pennsylvania by President Judge William E. Baldwin.

92.     As a direct and proximate result of this false arrest, intentional, negligent infliction of emotional distress, abusive process, malicious prosecution, the Plaintiff suffered damages as aforesaid which are Incorporated by reference as if fully set forth herein.

**WHEREFORE**, the Plaintiff, Edward Thomas Kennedy, respectfully requests this Court enter judgment in his favor and against all the Defendants:

(a)     Awarding compensatory damages to the Plaintiff for emotional stress, humiliation, embarrassment and anxiety;

(b)     Awarding compensatory damages to the Plaintiff for past legal expenses, travel costs, research expenses, photocopies, postage, and attorney fees, In the approximate amount of $15,000 to successfully defend against the criminal charges;

(c)     Awarding punitive damages against Phillips, Petrus, Livergood, Casey and Holman;

(d)     Awarding the cost of this action, together with reasonable attorney fees and expenses;

(e)     Awarding compensatory damages to the Plaintiff for lost wages, travel expenses, and other monetary damages in the presently undetermined amount;

(f)     Awarding other damages that are provided by statute and/or under 42 U.S.C. section 1983, 1985 and/or 1988;

(g)     Granting such other and further relief as the court deems appropriate and just.

93.     As a direct and proximate result of this false arrest, intentional, negligent infliction of emotional distress, abusive process, malicious prosecution, and vicarious liability the Plaintiff suffered damages as aforesaid which are Incorporated by reference as if fully set forth herein.

**WHEREFORE**, the Plaintiff, Edward Thomas Kennedy, respectfully requests this

Court enter judgment in his favor and against all the Defendants:

    (a)    Awarding compensatory damages to the Plaintiff for emotional stress, humiliation, embarrassment and anxiety;

    (b)    Awarding compensatory damages to the Plaintiff for past legal expenses, travel costs, research expenses, photocopies, postage, and attorney fees, In the approximate amount of $15,000 to successfully defend against the criminal charges;

    (c)    Awarding punitive damages against Phillips, Petrus, Livergood, Casey and Holman;

    (d)    Awarding the cost of this action, together with reasonable attorney fees and expenses;

    (e)    Awarding compensatory damages to the Plaintiff for lost wages, travel expenses, and other monetary damages in the presently undetermined amount;

    (f)    Awarding other damages that are provided by statute and/or under 42 U.S.C. section 1983, 1985 and/or 1988;

    (g)    Granting such other and further relief as the court deems appropriate and just.

## VI.    **VERIFICATION**

94.    I, Edward Thomas Kennedy, declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

Jury Trial Demanded

Date: August 24, 2019.

Respectfully submitted,

Edward Thomas Kennedy, Plaintiff.
800 Court Street, Apt 223
Reading, PA 19601.
Phone: 415-275-1244.

*Plaintiff is Self-represented.*

Attached

Exhibit 1 - one page - Case Docket Sheet.

Exhibit 2 - two pages - Bench Warrant and Unsigned Return of Warrant.

Exhibit 3 - two pages - Motion and Order for Bench Warrant.

# Exhibit 1

## Magisterial District Judge 21-2-01    CR 2098-2017

### DOCKET TRANSCRIPT

Docket Number: MJ-21201-CR-0000193-2016

# Criminal Docket

Commonwealth of Pennsylvania
v.
Edward Thomas Kennedy

Page 1 of 5

### CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Magisterial District Judge Christina E Hale | Issue Date: | 09/28/2016 |
| OTN: | T 845911-3 | File Date: | 09/28/2016 |
| Arresting Agency: | Frackville Boro Police Dept | Arrest Date: | |
| Complaint/Incident #: | 2016 2195 | Disposition: | Waived for Court |
| County: | Schuylkill | Disposition Date: | 10/18/2017 |
| Township: | Frackville Borough | Case Status: | Closed |

### STATUS INFORMATION

| Case Status | Status Date | Processing Status |
|---|---|---|
| Closed | 10/18/2017 | Completed |
| | 10/18/2017 | Case Balance Due |
| | 10/18/2017 | Completed |
| | 08/30/2017 | Awaiting Preliminary Hearing |
| | 08/30/2017 | Awaiting Preliminary Hearing |
| | 11/14/2016 | Awaiting Preliminary Hearing |
| | 09/28/2016 | Awaiting Preliminary Hearing |

### CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Preliminary Hearing | 09/20/2017 | 9:50 am | | Magisterial District Judge Christina E Hale | Continued |

Continuance Reason:  Other

Requested By:  Magisterial District Judge Christina E Hale

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Preliminary Hearing | 10/18/2017 | 9:00 am | | Magisterial District Judge Christina E Hale | Scheduled |

### DEFENDANT INFORMATION

| | | | |
|---|---|---|---|
| Name: | Kennedy, Edward Thomas | Sex: | Male |
| Date of Birth: | 10/25/1953 | Race: | White |
| Address(es): | | | |

Home
401 Tillage Rd
Breingsville, PA 18031

| | |
|---|---|
| Advised of His Right to Apply for Assignment of Counsel? | Yes |
| Public Defender Requested by the Defendant? | No |
| Application Provided for Appointment of Public Defender? | No |
| Has the Defendant Been Fingerprinted? | Yes |

MDJS 1200

Printed: 10/18/2017   1:21 pm

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act(18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

Exhibit 2

Commonwealth of Pennsylvania
Court of Common Pleas
County of Schuylkill
21st Judicial District



**Bench Warrant
Failure to Appear**

Commonwealth of Pennsylvania
v.
Edward Thomas Kennedy

CLERK OF COURTS OFFICE
SCHUYLKILL COUNTY, PA
APR 12 P 3:29

Schuylkill County Clerk of Courts
401 North Second Street
Pottsville, PA 17801
PH: 570-628-1288

Citation/Complaint No: 2017 0080
Docket No: CP-54-CR-0000293-2017
Warrant Control No: 54-BA-0000388-2017
Manual Control No:
Charging Officer: Philip C. Petrus, Frackville Boro Police Dept
Lead Offense: 18 § 2709 §§ A7 Harassment - Comm. Repeatedly in Another Manner (Held for Court)

Issued For: Edward Thomas Kennedy
OTN: T 882209-6    SID:
Date Citation/Complaint Filed: 01/12/2017
NCIC OFF: FAILURE TO APPEAR - SEE MIS
OCC:
Warrant ID: CPCMS702722461

AND NOW, this 12th day of April, 2017, the Sheriff of Schuylkill County, or any other police officer, is hereby ORDERED to convey and deliver Edward Thomas Kennedy, residing at 1888 Leithsville Rd Pmb 240 Hellertown, PA 18055, into the custody of the Court of Common Pleas of Schuylkill County, at Schuylkill County Courthouse 401 North Second Street Pottsville, PA 17801 for a hearing. If the Court is unavailable, the individual may be held in the County Jail until the Court is opened for business, at which time the individual shall be promptly conveyed and delivered into the custody of the Court.

The authority in charge of the County Jail in which the party is incarcerated shall promptly notify the Sheriff's office and the Court that the individual is being held pursuant to the bench warrant.

This warrant is issued because the defendant failed to appear at Magisterial District Judge Christine E. ___'s Office on February 21, 2017 for a preliminary hearing. The defendant's bail shall be forfeited.

Pursuant to Pa.R.Crim.P. 150(A)(5)(b), the individual shall not be detained in the County Jail without a hearing on this bench warrant longer than 72 hours, or the close of the next business day if the 72 hours expires on a non-business day.

SEAL OF THE CLERK OF COURTS
Maria Casey
Pottsville, Schuylkill County PA
Commission Expires 1st Monday of 2020

Certified from the records
___ day of ___ A.D. 20__
Date  4-12-2017

Clerk of Courts

BY THE COURT:

Judge William E. Baldwin







CR-0000293-2017

54-BA-0000388-2017

Edward Thomas Kennedy

IS 2093

1

Printed 04/12/2017

County Government

Commonwealth of Pennsylvania

v.

Edward Thomas Kennedy

Warrant Control No: 54-BA-0000369-2017

Manual Control No:

Docket No: CP-54-CR-0000293-2017

## RETURN OF WARRANT

### TO BE COMPLETED AND RETURNED WHEN DEFENDANT IS FOUND

By authority of this warrant,

____ I took _____ into custody.

____ He/she is incarcerated at _____

_____

(Signature of Police Officer - Name and Title)

_____

Date

# Exhibit 3

IN THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY
CRIMINAL DIVISION

COMMONWEALTH OF PENSYLVANIA

v.

Edward Thomas Kennedy

NO.    CR-283-2017

## MOTION FOR BENCH WARRANT

I, Christine A. Holman, District Attorney of Schuykill County, hereby request the Court to issue a Bench Warrant for the above-named defendant for failure to appear at Magisterial District Judge Christina E. Hale's Office on February 21, 2017, for a preliminary hearing.

CHRISTINE A. HOLMAN
DISTRICT ATTORNEY

SEAL OF THE CLERK OF COURTS

Certified from the records
this __ day of ____ A.D. 20_19_

Clerk of Courts

[PTA PH 2/21/17 – MDJ Hetal]

#4

# IN THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY
## CRIMINAL DIVISION

COMMONWEALTH OF PENSYLVANIA          NO.    CR-283-2017

v.

Edward Thomas Kennedy

L/K/A:      1866 Leithsville Rd
            Pmb 240
            Hellertown, PA 18055

D.O.B       10/25/1963
SS#         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

2017 APR 12 P 3 2⌐

CLERK OF COURTS OFFICE
SCHUYLKILL COUNTY, PA

## ORDER FOR BENCH WARRANT

AND NOW, this __12th__ day of ___April___, 2017, upon motion of the District Attorney, it is hereby ORDERED that a Bench Warrant be issued and executed forthwith to take the Defendant into custody.

BY THE COURT

_____ P.J.

SEAL OF THE CLERK OF COURTS
Misty Casey
Pottsville, Schuylkill County PA
My Commission Expires 1st Monday of 2020

Certified from the records
this __ day of __May__ A.D. 20_19_

_____
Clerk of Courts

Edward Thomas Kennedy
800 Court Street, Apt 223
Reading, PA 19601
Phone: 415-275-1244.
Fax: 570-609-1810.

Peter J. Welsh, Clerk of Court
U.S. District Court
Middle District of Pennsylvania
PO Box 1148
235 N. Washington Avenue
Scranton, PA 18501-1148

Dear Clerk of Court Welsh:

File on demand the following enclosed documents:

1-    Cover sheet (one page)
2-    Motion to Proceed In Forma Pauperis i.e. Waive Fees (5 pages)
3-    Complaint with three Exhibits
4-    Summons for six (6) Defendants (2 pages each)
5-    [Proposed] Order
6-    Notice, Motion to Compel Service of Process, Memorandum, Certificate of Service and a [Proposed] Order for the said Motion

    Thank you for your assumed cooperation in advance.

    If you have any questions, please contact me at (415) - 275-1244 or at email pillar.of.peace.2012@gmail.com.

Date: August 24, 2019.

                    Sincerely,


                    Edward Thomas Kennedy, Plaintiff


Enclosures

Edward Thomas Kennedy
800 Court St., Apt. 223
Reading, PA 19601

RECEIVED
SCRANTON

AUG 2 6 2019

PER

DEPUTY CLERK

Peter J. Welsh, Clerk of Court
U.S. District Court
Middle District of Pennsylvania
PO Box 1148
235 N. Washington Avenue
Scranton, PA 18501-1148



